IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DEREK ANTHONY HEFT,<br><br>Defendant. | CR 12–13–M–DLC<br><br><br><br>ORDER |

Before the Court is Defendant Derek Anthony Heft's Motion for Early Termination of Supervised Release. (Doc. 161.) Mr. Heft was adjudged guilty of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count I) and possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c). (Doc. 105.) On October 16, 2012, the Court sentenced Mr. Heft to a total term of 180 months' imprisonment followed by 5 years of supervised release. (*Id.* at 2–3.) Mr. Heft completed his term of imprisonment on December 31, 2024. (Doc. 161 at 1.) As of the date of this Order, he has completed approximately 21 months of supervised release. (*Id.*) He now seeks termination of the remaining 39 months. (*Id.*) The United States did not respond to Mr. Heft's motion.

Under federal law, this Court may:

> after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Mr. Heft began his term of supervised release on December 31, 2024 (Doc. 161 at 1), rendering him statutorily eligible for the premature termination of his remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court need not discuss every factor, but the record must

sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 820–21.

Though Mr. Heft reports that he has maintained stable employment at Calumet Montana Refining for over two years and has fully complied with the terms of his supervision, Mr. Heft has served less than half of his term of supervised release. (Doc. 161 at 1, 3.) At the time of his conviction, Mr. Heft was a significant methamphetamine dealer and struggled with methamphetamine addiction. Mr. Heft aggravated the seriousness of his offense by possessing a firearm during its commission. (Doc. 105 at 1.) The Court believes that supervision is still necessary to protect the public from future crimes committed by Mr. Heft. Accordingly, the Court concludes that the § 3553(a) factors do not support early termination of his term of supervised release at this time. The Court would, however, consider a renewed motion for early termination of supervised release once Mr. Heft has served 30 months of his required 5-year term with no violations.

DATED this 4th day of November.

Dana L. Christensen, District Judge
United States District Court